IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **ROBERT LEEONTA HILES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:07-0592** |
| | ) | |
| **T.R. CRAIG, Warden,** | ) | |
| **FCI Beckley, West Virginia,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On September 21, 2007, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly denying him placement in the Residential Drug Abuse Treatment Program [RDAP]. Specifically, Petitioner asserts that Respondent "retrospectively altered or revoked my eligibility under Title 18, United States Code, Section 3621(e)(B)(2), to receive an individualized consideration or determination for up to one year off of my federal sentence, for having

---

[1] On July 24, 2003, Petitioner pled guilty in the United States District Court for the Eastern District of Tennessee to one count of Distribution of Narcotics in violation of 21 U.S.C. § 841. On November 21, 2003, the District Court sentenced Petitioner to a 90 month term of imprisonment, to be followed by a four year term of supervised release. Petitioner did not appeal his conviction. *United States v. Hiles*, Case No. 4:03-cr-00011 (E.D.Tenn. Nov. 21, 2003). On February 29, 2008, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. (*Id.*, Document No. 21.) By Memorandum Opinion and Judgment Order entered on May 30, 2008, the District Court granted his request for a sentence reduction under 18 U.S.C. § 3582(c)(2), and reduced Petitioner's sentence to 76 months. (*Id.*, Document No. 27.) The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 24, 2008.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

completed the 500 hour comprehensive residential drug abuse program." (Id., p. 7.) Petitioner contends that "at sentencing, the judge recommended that he complete the 500 hour comprehensive drug abuse treatment program." (Id.) Petitioner states that he was interviewed on April 26, 2007, for "eligibility to complete RDAP and notified that he was eligible to receive up to one year sentence reduction under Title 18 U.S.C. § 3621(e)(B)(2)." (Id.) Petitioner explains that "RDAP consists of ten (10) months of residential treatment . . . followed by a mandatory six (6) months community treatment phase in a Community Correctional Center (CCC) halfway house or home confinement component." (Id.) Petitioner argues that he "must begin RDAP treatment or participation while he still has at least twenty-eight months remaining on his sentence, until reaching his Projected Release Date (PRD); or, Petitioner cannot receive full individualized consideration or determination for up to one year sentence reduction." (Id., pp. 7 - 8.) Petitioner, however, contends that his "eligibility has already been retroactively altered, as his PRD is December 30, 2009, and it would be impossible for him to complete RDAP, and still receive an individualized consideration or determination for up to one year sentence reduction." (Id., p. 8.) Petitioner argues that "habeas corpus should lie to secure Petitioner's 'settled expectation' to early release."[3] (Id.) Next, Petitioner alleges that

---

[3] The undersigned notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

"Respondent's senior staff at FCI Beckley, routinely coerces inmates into RDAP who are not eligible to receive any sentence reduction under this statute, and who do not want to participate in the program." (Id., p. 9.) Petitioner further states "this Court should declare the Respondent and/or the director of the BOP to be in plain violation of the language contained in Title 18 U.S.C. Section 3621(e), and the Administrative Procedure Act." (Id., p. 8.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: May 11, 2010.

R. Clarke VanDervort
United States Magistrate Judge